**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Patterson, et al.<br><br>　　　　Plaintiff,<br>v.<br><br>Matthew Shaw, Dora Schriro, et al.,<br><br>　　　　Defendants. | No. CV 07-1476-PHX-PGR<br><br>**ORDER** |

Currently before the Court is Plaintiff's "Notice of Filing Affidavit Pursuant to Rule 56(f)". (Doc. 85.)[1] Therein, Plaintiff contends that to properly oppose Defendants Jeanie Cooper ("Cooper") and Director Dora Schriro's ("Schriro") (collectively "Defendants") defense of qualified immunity, she needs additional discovery, including the deposition of Schriro.[2] Patterson's Rule 56(f) "Notice" and affidavit pertain to the reference by Schriro and Cooper to the reported holdings in Casey v. Lewis, 834 F. Supp. 1477 (D.Ariz. 1993) and the Defendants' use of subsequent district court orders and documents from the Casey court file (Civ-90-54-PHX-RGS) to support their claims of qualified immunity.

---

[1] On September 26, 2008, the discovery cut-off date, Patterson filed a motion to extend discovery to allow the depositions of ADC Director Schriro and of the defendants' mental health expert. (Doc. 62) Patterson's motion to extend discovery was denied on October 7, 2008 "for failure to establish good cause." (Doc. 68)

[2] Schriro has been dismissed by Court Order and Patterson has responded to the corrections officers' summary judgment motion, therefore Cooper is the only appropriate party to respond to Patterson's Rule 56(f) Notice.

A. Relevant Background

In her Complaint, Plaintiff named Jeannie Cooper ("Cooper") as a defendant, alleging that she worked as an ADC Psychology Associate, provided most of Aaron's mental health treatment in 2005, and placed Aaron on the mental health watch in place when he committed suicide. Cooper raise qualified immunity as a defense in her Answer providing notice of the defense to Plaintiff. (Doc. 17.)

On November 18, 2008, this Court granted Schriro's motion for judgment on the pleadings and denied Patterson's request to file an amended complaint, because "it is undisputed that [Aaron Patterson] was receiving mental health care at SMU, mental health staff placed him on watch, and appropriate watch intervals were required by the policy in effect" and "because there is no clearly established law that the use of SMU for "psychologically disturbed inmates violates the Eighth Amendment." (Doc. 79, pp. 11-12.)

During discovery, Plaintiff was provided with the prison's mental health policy, she conducted numerous depositions including that of Cooper, she propounded interrogatories and requests for production, and she was equipped with the pertinent information to determine the history and implementation of the DOC mental health policy followed by Cooper.

B. Legal Standard and Discussion

A party seeking to avail itself of Rule 56(f) relief is required to provide the Court with affidavits setting forth particular facts expected from the movant's discovery. Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986). Pursuant to Rule 56(f), a court may refuse to grant a party's application for summary judgment if the opposing party needs time to discover central facts. Mackey v. Pioneer Nat. Bank, 867 F.2d 520, 523 (9th Cir. 1989). A Rule 56(f) motion must demonstrate how additional discovery would preclude summary judgment and the reason why a party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact. Fed.R.Civ.P. 56(e), (f). District courts have "wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." Volk v. D.A. Davidson & Co., 816 F.2d 1406,

1416-17 (9th Cir.1987) (quoting Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1467 (9th Cir.1985)). A district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. See McCormick v. Fund American Cos., Inc., 26 F.3d 869, 885 (9th Cir.1994). It is well established in the Ninth Circuit that to obtain a successful result with a Rule 56(f), the party must establish: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); Moreover, a court may deny a Rule 56(f) motion to continue discovery if the movant did not diligently pursue her discovery opportunities in the past. Byrd v. Guess, 137 F.3d 1126, 1131 n.6 (9th Cir. 1998); Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 (9th Cir. 2001).

In the pending matter, Plaintiff has provided an affidavit by her attorney. The affidavit, however, does not identify the specific facts "essential" Plaintiff hopes to elicit from further discovery. For example, he acknowledges that he has examined the Casey court file but that the transcripts have been archived. (Id. at ¶ 8) He does not, however, identify any testimony from those transcripts that he hopes would be material to contest Cooper's claim of qualified immunity. Patterson's attorney does not identify any facts from Schriro's proposed deposition which would be relevant to Cooper's immunity claim; nor does he identify any facts to be elicited from the testimony of the listed mental health expert.[3] Patterson fails to set forth the specific facts expected from further discovery; therefore, she fails to satisfy the first Rule 56(f) requirement.

---

[3] Plaintiff seeks to depose the listed mental health expert  However, neither Cooper nor Schriro submitted evidence from the expert on summary judgment. Furthermore, the Court previously found that Schriro did not have information regarding the actual events surrounding the pending matter. Thus, Schriro's testimony would not assist any comparison attempted between the facts in Casey and the facts of the case *sub judice*.

1   As for the second requirement, Patterson has failed to identify any specific material
2   facts to be gathered from further discovery, and thus, has failed to show that any such facts
3   exist. While she identifies court files her attorney would like to "fully access" and people he
4   would like to depose, the existence of facts necessary to oppose Cooper's qualified immunity
5   is mere speculation. Such general requests and speculation is insufficient to satisfy an
6   element requiring specific facts. Patterson fails to meet the second Rule 56(f) requirement.
7   Finally, as to the third requirement, Defendant Cooper argues that further discovery
8   is not essential to oppose her defense of qualified immunity. Determining the applicability
9   of the defense of qualified immunity is a two-step analysis. First, the Court determines
10  whether the facts alleged show that the official's conduct violated a constitutional right.
11  Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, a court turns to the second step and asks if
12  the right was clearly established at the relevant time. Id. at 201-02. This second inquiry "must
13  be undertaken in light of the specific context of the case, not as a broad general proposition."
14  Id. at 201. If the answer is negative, the official is entitled to qualified immunity. Id.
15  Plaintiff's attorney has failed to articulate how specific facts to be elicited from the proposed
16  depositions or from any further analysis of Casey are "essential" to resist the summary
17  judgment motion pertaining to the applicability of the qualified immunity defense for
18  Cooper. State of Cal., on Behalf of California Dept. of Toxic Substances Control v.
19  Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Furthermore Defendant contends and the
20  Court agrees that no reasonable prison mental health professional would know that placing
21  an inmate in a mental health watch cell where he would continue to be seen by mental health
22  staff and watched by security staff violated the 8th Amendment. The Court finds that
23  Patterson's proposed discovery is not essential to the issue of Cooper's qualified immunity,
24  and therefore she fails to satisfy the final requirement of Rule 56(f).
25  C.    Conclusion
26  Plaintiff's argument that the Casey court documents were not timely produced is
27  without merit. Court documents are public records, thus Plaintiff had the opportunity to
28  discover and research such documents during the period of discovery. Furthermore, because

Casey is a published opinion, it is the responsibility of Patterson's counsel to have knowledge of the opinion concerning ADC mental health, as it is the subject of Plaintiff's lawsuit.

IT IS HEREBY ORDERED DENYING Plaintiff's request for additional discovery.

IT IS FURTHER ORDERED that Plaintiff shall file her Response to Cooper's Motion for summary judgment no later than Friday, September 4, 2009.[4]

IT IS FURTHER ORDERED that Cooper shall file her Reply no later than Friday, September 11, 2009.

DATED this 18th day of August, 2009.

Paul G. Rosenblatt
United States District Judge

---

[4] The abbreviated time for responding and replying is warranted considering the period to respond to Cooper's Motion for Summary Judgment had expired prior to the filing of the Notice of Filing Rule 56(f) and Plaintiff failed to file any Response. Furthermore, the parties have had the discovery necessary to respond and reply for nearly 10 months.